# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Revocation of Supervised Release) |
| **ALEXANDER CREIGHTON WEBER** | |
| | CASE NUMBER: **1:11-CR-00317-001** |
| | USM NUMBER: **12272-003** |
| **THE DEFENDANT:** | J. Clark Stankoski, Esquire |
| | **Defendant's Attorney** |

☒ admitted guilt to violation of supervision condition <u>Special condition as set forth in the petition dated 5/23/2014</u>.

☐ was found in violation of supervision condition: ___

| Violation Number | Nature of Violation | Date violation Occurred |
|---|---|---|
| Special Condition | Technical | |

    **The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.**

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| **Defendant's Social Security No. 5913** | June 19, 2014 |
| | Date of Imposition of Judgment |
| **Defendant's Date of Birth: 1985** | |
| | /s/ Callie V. S. Granade |
| **Defendant's Residence Address:** | UNITED STATES DISTRICT JUDGE |
| Jacksonville, FL | |
| **Defendant's Mailing Address:** | June 24, 2014 |
| | Date |

Defendant: **ALEXANDER CREIGHTON WEBER**
Case Number: **1:11-CR-00317-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TWENTY-THREE (23) MONTHS**

☒ **The court makes the following recommendations to the Bureau of Prisons: that defendant be imprisoned at an institution where he can receive extensive mental health treatment, or if appropriate, that he be designated to a Federal Medical Center for intensive mental health treatment.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at ___ .m. on ___.
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on ____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____

with a certified copy of this judgment.

                                                     UNITED STATES MARSHAL

                                            By _____
                                                    Deputy U.S. Marshal

**Judgment 3**

AO 245D (Rev. 12/03) Judgment in a Criminal Case for Revocations: Sheet 3 - Supervised Release
Defendant: **ALEXANDER CREIGHTON WEBER**
Case Number: **1:11-CR-00317-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **12 months**.

☒ **Special Conditions:** See attachment.

> *For offenses committed on or after September 13, 1994:* The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

☒ **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**The defendant shall not commit another federal, state or local crime.**
**The defendant shall not illegally possess a controlled substance.**
**The defendant shall comply with the standard conditions that have been adopted by this court (Probation Form 7a).**
**The defendant shall also comply with the additional conditions on the attached page (if applicable).**

> # See Page 4 for the
> # "STANDARD CONDITIONS OF SUPERVISION"

Defendant:  **ALEXANDER CREIGHTON WEBER**
Case Number: **1:11-CR-00317-001**

# SUPERVISED RELEASE

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third-parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

14) the defendant shall cooperate, as directed by the probation officer, in the collection of DNA, if applicable, under the provisions of 18 U.S.C. §§ 3563(a)(9) and 3583(d) for those defendants convicted of qualifying offenses.

Defendant:  **ALEXANDER CREIGHTON WEBER**
Case Number: **1:11-CR-00317-001**

# SPECIAL CONDITIONS OF SUPERVISED RELEASE

**1.  The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the Probation Office.**

**2.  The defendant shall participate in a program of mental health treatment and/or counseling, evaluation, testing, clinical polygraphs and other assessment instruments as directed by the Probation Office.**

**3.   The defendant is prohibited from directly or indirectly contacting Laura Vinson, and/or her family, while under the jurisdiction of this court.**

**4.  The defendant shall participate in a Location Monitoring Program for a period of twelve consecutive months.  During this time, the defendant shall remain at his place of residence at all times and shall not leave except when such leave is approved in advance by the U.S. Probation Office.  The defendant shall be monitored by a form of location monitoring as determined by the Probation Office. The defendant shall comply with location monitoring procedures specified by the Probation Office and abide by all associated technology requirements. The costs associated with such monitoring are hereby waived.**